# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 30, 2010

Charles R. Fulbruge III
Clerk

No. 09-20120

LITHCON PETROLEUM USA INC.

Plaintiff - Appellant

v.

CHINA PETROCHEMICAL CORP; CHINA PETROCHEMICAL INTERNATIONAL COMPANY; SINOPEC USA; MASTERANK INC.; MASTERANK LIMITED; CHINA PETROLEUM AND CHEMICAL CORP.

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:00-CV-4032

Before JONES, Chief Judge, and BENAVIDES and PRADO, Circuit Judges.

PER CURIAM:[*]

Lithcon Petroleum USA, Inc. and China Petrochemical International Company ("CPIC") jointly owned Sinocon, Inc. Sinocon marketed paraffin manufactured by CPIC's corporate affiliates. In the late 1990s, CPIC's affiliates diverted sales away from Sinocon to Masterank Ltd. and Masterank, Inc., causing Sinocon ultimately to fail. Lithcon sued CPIC and its corporate affiliates

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for breach of contract and fiduciary duties, claiming that Sinocon had the right to market all of CPIC's paraffin. Lithcon sued Masterank, Inc. and Masterank Ltd. for interfering with this right.

The district court granted summary judgment in favor of the defendants on two alternate grounds. First, Lithcon's evidence demonstrated that both Lithcon and Sinocon knew CPIC sold paraffin through other sales agents throughout Sinocon's existence but did nothing to protect their alleged exclusive rights. Thus, the statute of limitations had run. TEX. CIV. PRAC. & REM. CODE §§ 16.004(a)(5), 16.051 (Vernon 2002) (the limitations period for both breach of contract and violation of a fiduciary duty is four years). Second, the district court alternatively held that Lithcon waived its claims by failing to take any action against the defendants for nearly ten years. *Tenneco, Inc. v. Enterprise Products Co.*, 925 S.W.2d 640, 643 (Tex. 1996) ("Silence or inaction, for so long a period as to show an intention to yield the known right, is also enough to prove waiver.")

Lithcon focuses almost exclusively on other issues that the trial court did not address. Lithcon wholly fails to appeal the waiver ground for summary judgment. Lithcon complains about but neither challenges the court's findings nor provides any persuasive legal precedent excusing Lithcon's and Sinocon's failure to file a claim within the limitations period. Where a district court grants summary judgment on multiple grounds, judgment will be affirmed unless the appellant negates all grounds. *Williams v. Cain*, 229 F.3d 468, 474 n. 5 (5th Cir. 2000). Lithcon failed to negate waiver and ineffectually briefed the limitations issue.

Accordingly, the district court's judgment is AFFIRMED.